Robert M. PACE, Plaintiff-Appellant,

Jean PACE and all Owners of Boathouses located beyond the Ordinary High-Water Mark of Navigable Waterways located in Oneida County, Wisconsin, Plaintiff,

v.

ONEIDA COUNTY, State of Wisconsin, A Municipal Corporation, Defendant-Respondent,†

STATE of Wisconsin, Intervenor.

ONEIDA COUNTY, State of Wisconsin, A Municipal Corporation, Plaintiff-Respondent,

STATE of Wisconsin, Intervenor,

v.

Robert M. PACE, Defendant-Appellant.

Court of Appeals

*No. 96–3514. Submitted on briefs June 23, 1997.—Decided July 22, 1997.*

(Also reported in 569 N.W.2d 311.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Shane J. VanderWaal* of *VanderWaal Law Firm*, of Wausau.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Lawrence R. Heath*, corporation counsel, of Rhinelander.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.  Robert M. Pace appeals a summary judgment finding that § 30.121(3r), STATS., is unconstitutional as a private bill enacted as part of the budget bill and a violation of the separation of powers provided by the Wisconsin Constitution. Pace alleges that the statute, which permits the rebuilding of wet boathouses destroyed by violent wind, vandalism or fire, supersedes the Oneida County zoning ordinance precluding the reconstruction of his wet boathouse that was damaged by a fire in 1989. Because this court concludes the state statute is constitutional and

preempts the local zoning ordinance, the judgment is reversed.

Robert Pace owns property in the town of Minocqua, Oneida County, which includes a boathouse extending onto the lake. The boathouse was destroyed by fire in 1961 and was rebuilt by Pace without incident. In 1989, the boathouse was again destroyed by fire. The then-existing Oneida County zoning ordinance classified the wet boathouse as a nonconforming use and precluded reconstruction when the cost would exceed 50% of the value of the property destroyed. Pace submitted an application for the reconstruction of his boathouse that was denied by the Oneida County zoning administrator. Pace appealed to the Oneida County board of adjustments, which affirmed the zoning administrator's denial of the permit. Pace then appealed to the Oneida County circuit court claiming that the zoning ordinance was invalid because it was preempted by the Wisconsin Administrative Code. Despite the absence of a building permit, Pace constructed another boathouse and Oneida County sought to have it removed. The trial court granted judgment against Pace and he appealed. This court affirmed in part and reversed in part the trial court's judgment and remanded the case back to consider Pace's argument that the county ordinance was an unconstitutional taking.

Between the time of the remand and a decision on the remand, Pace contacted a legislator who introduced an amendment to the provisions of § 30.121, STATS, which was passed. Prior to amendment, § 30.121 restricted the construction of a boathouse beyond the ordinary high water mark of any navigable waterway or the reconstruction of any boathouse extending beyond the ordinary high water mark when the repair

450

or maintenance of the boathouse exceeds 50% of the equalized value of the boathouse. Wet boathouses are a type of boathouse that allow the boat to be stored without removing the boat from the water. The newly passed exception, § 30.121(3r), STATS., provides that the prohibitions against the building of a wet boathouse or the repair when the cost of repair exceeds 50% of equalized assessed value does not apply to wet boathouses damaged by violent wind, vandalism or fire after January 1, 1984. This law was included in the general budget bill, had no separate title and no legislative hearings were held.

The circuit court determined that § 30.121(3r), STATS., was unconstitutional as a private bill enacted as part of the budget bill without separate title or legislative hearing and that the bill further violated the separation of powers between the legislative and judicial branches because the bill was specifically aimed at overturning judicial pronouncements prohibiting the construction or repair of boathouses destroyed by fire.

The question of the constitutionality of the statute raises issues that are determined as a matter of law without deference to the trial court's determination. *State v. McManus*, 152 Wis. 2d 113, 129, 447 N.W.2d 654, 660 (1989). While the parties dispute whether the presumption of constitutionality applies when the bill is challenged as a private bill or as a violation of the separation of powers, it is unnecessary for this court to resolve such a contention because our resolution of the statute's constitutionality is unaffected by any presumption which may exist.

Article IV, § 18 of the Wisconsin Constitution provides: "No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." A legislative

provision that is specific to a person, place or thing is a private bill or local law within the meaning of the state constitution and may not be enacted as part of the state budget bill. *See Milwaukee Brewers v. DHSS*, 130 Wis. 2d 79, 109, 387 N.W.2d 254, 267 (1986). Whether legislation is a private bill or a local law is based upon whether the legislation is specific to any person, place or thing. *Id.* Because the provisions of the statute in question are general and apply to all boathouses in Wisconsin destroyed by violent wind, vandalism or fire after January 1, 1984, the *Milwaukee Brewers'* analysis is not the appropriate vehicle to address the contentions of these parties.

Rather, when a bill is general on its face and nonspecific the court has established a five-fold analysis in *Brookfield v. Milwaukee Metro. Sewerage Dist.*, 144 Wis. 2d 896, 907–08, 426 N.W.2d 591, 597 (1988). This court concludes that because the bill in question is general on its face and nonspecific, the challenge to its status as a private bill must be analyzed under the criteria set forth in *Brookfield*.

Under *Brookfield*, the following criteria are used to analyze whether legislation is a private bill within the meaning of the Wisconsin Constitution:

> First, the classification employed by the legislature must be based on substantial distinctions which make one class really different from another.

> Second, the classification adopted must be germane to the purpose of the law.

> Third, the classification must not be based on existing circumstances only. Instead, the classification must be subject to being open, such that other[s] [ ] could join the class.

Fourth, when a law applies to a class, it must apply equally to all members of the class.

[F]ifth . . . the characteristics of each class should be so far different from those of other classes so as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.

[S]ixth . . . when the legislation is curative in nature, as long as the curative legislation applies equally to all members of the class, the legislation is general.

*Id.*

Oneida County contends that the subject statute fails to meet the *Brookfield* criteria in two specific ways. It contends that the classification of owners of boathouses destroyed before January 1, 1984, who are precluded from reconstructing a destroyed boathouse, and those after who are given the right to rebuild their wet boathouse is a classification without a valid reason, which runs afoul of several of the *Brookfield* criteria. Oneida County further argues that by designating only violent wind, vandalism or fire, the statute selects only certain natural disasters that provide for the rebuilding of the boathouse to the exclusion of other natural forces, such as snow, hail or other calamities that may substantially damage or destroy wet boathouses. Oneida County alleges that the classification of some but not all natural disasters is sufficient to render the statute a private bill because the *Brookfield* criteria are not met. Because Oneida County's argument is predicated on these two provisions in the statute, it is unnecessary to examine each of the *Brookfield* criteria but to limit our analysis to the effect of the provisions identified by Oneida County as violative of *Brookfield*.

Oneida County properly recognizes that the statute classifies owners whose boathouses were destroyed after January 1, 1984, and those whose boathouses were destroyed prior to that time. The creation of such a classification, however, does not render this statute a private bill. The *Brookfield* criteria requires that we examine the classification set forth in the bill to determine whether they are germane to the purpose of the law and whether they are based on substantial distinctions that make one class really different from the other.

We conclude that the selection of a date before which the repair or reconstruction of a boathouse destroyed by wind, vandalism or fire may not be rebuilt is based upon appropriate distinctions, is reasonable and is germane to the purpose of the law. The overall purpose of § 30.121, STATS., is to restrict the construction and repair of wet boathouses by treating them as nonconforming uses so that eventually the private use of the beds of lakes and rivers will ultimately be abolished. This public policy is consistent with the recognition of the public's right to the use of the river and lake beds and the State's trusteeship for the general public good over the beds of navigable streams and lakes. *See State v. Trudeau,* 139 Wis. 2d 91, 101, 408 N.W.2d 337, 341 (1987).

In achieving this goal, the legislature has seen fit to exempt from the prohibition owners of wet boathouses who have suffered a loss of their property by certain natural forces that are outside of the owner's control. To diminish the hardship created by such natural forces, the legislature has seen fit to allow the reconstruction of boathouses so destroyed. The legislature has determined, however, that it is inappropriate to reopen or rebuild all boathouses ever destroyed by

fire and to extend the privilege of rebuilding only to those boathouses that were destroyed by fire within ten years prior to the enactment of this statute. Thus, the legislature has permitted some but not all boathouses to be rebuilt based upon the length of time that has elapsed from the destruction of the boathouse. Boathouses more recently destroyed can be rebuilt, but those destroyed more than ten years prior to the enactment of the statute may not be rebuilt. This legislative choice is a reflection of the likelihood that owners who have suffered such a loss more than ten years prior to the act have accommodated that loss in some other regard such as the construction of a boathouse beyond the high-water mark, the trailering of boats to be launched at public landings, or the use of docks or other means of mooring a boat as permitted by law. This classification is reasonable and does not violate the *Brookfield* criteria because it is a classification based upon meaningful factors that distinguish pre–1984 owners from those who have suffered a loss of their boathouse by natural forces since that date.

█ The bill is germane to the overall legislative goal of eliminating boathouses. The bill does not fail to be germane merely because it extends the time within which the ultimate goal will eventually be reached. It remains part of an overall legislative scheme which restricts when wet boathouses may be rebuilt or repaired. It is no more anomalous to select a date prior to which repairs or rebuilding may not be made as it is to select 50% of the assessed value as the criteria to be applied to when boathouses may be rebuilt as is reflected in § 30.121(3m), STATS. Because the statute applies to all wet boathouse owners in the State of Wisconsin whose boathouses were destroyed by violent

wind, vandalism or fire, we conclude the subject legislation is not a local bill. We therefore conclude that the classification created by the selection of a date prior to which rebuilding or repair is not permitted does not render the statute a local or private bill.

We also reject Oneida County's contention that limiting the natural forces that permit the rebuilding to violent wind, vandalism or fire requires the statute be determined to be a local bill in violation of the criteria established by *Brookfield*. The parties disagree as to whether the natural forces listed are a complete and exhaustive list of all natural forces that permit rebuilding or whether they are only examples that reflect the legislative intent to permit the rebuilding of all wet boathouses destroyed by any natural force after January 1, 1984. We need not construe the statute because that issue is not before us. We may only note that the legislature has seen fit to classify the most frequent means of loss suffered by property owners. Because these natural forces are beyond the owner's control, the legislature has seen fit to permit rebuilding if a wet boathouse is destroyed by such natural forces.

Whether the statute is limited to these specific forces is irrelevant to the *Brookfield* analysis. What is important is that the legislature has reasonably chosen to protect certain property owners from natural forces that may have destroyed their property. Creating the right to rebuild when such loss has been suffered does not create an impermissible classification under the *Brookfield* criteria. Rather, it represents the legislature's determination to permit rebuilding when natural forces inflict damage on such structures. This is germane to the overall purpose of the legislation, applies equally to all and reflects a class open to all property owners who may suffer this loss, whether now

456

or later, throughout the State of Wisconsin. We find no violation in the *Brookfield* criteria by specifying certain natural forces as the cause of the destruction of the property that permits rebuilding.

We therefore conclude that the bill is not a private bill within the criteria specified by *Brookfield* and, accordingly, may be adopted as part of other legislation. In this case, the exception was adopted as part of the budget bill which is not constitutionally prohibited. This conclusion does not address the wisdom of collecting a variety of miscellaneous and unrelated provisions as part of the budget bill. Nor is it meant to encourage the legislative practice of not giving specific consideration to a variety of legislative proposals that are attached to the budget bill in a way inconsistent with the careful consideration of the merits of the bill. We appreciate the circuit court's concern over the method chosen to enact this legislation and while we share concern over this legislative process, our analysis requires we conclude that the Wisconsin Constitution does not prohibit the adoption of this statute as part of the budget bill.

The trial court also concluded that the statute was unconstitutional because it violated the separation of powers doctrine. The circuit court reasoned that the judicial system of this state concluded that the ordinances restricting construction of wet boathouses were valid and enforceable. The legislative response resulted in altering the judicial determination made. Oneida County also argues that Pace's arrogant act of building without a permit is contemptuous conduct before the circuit court and his general disregard for the county's zoning requirements contributed to the circuit court's conclusion. We do not mean to condone Pace's conduct or attitude. We, however, conclude that

this legislation is not a violation of the separation of powers.

The roles created for the legislative and judicial branches involve the legislature's setting matters of broad public policy. The courts interpret legislative intent when required to do so. *See Stockbridge Sch. Dist. v. DPI Sch. Dist. Boundary Appeal Bd.*, 202 Wis. 2d 214, 219, 550 N.W.2d 96, 98 (1996). Such interpretations, however, do not limit the legislature's ability to alter the statute so as to provide a different result than that achieved as a result of the judicial interpretation of the statute. Indeed, because we are interpreting the legislative intent, the legislature can and should modify the legislation to achieve its actual intent in the event the language of the previously enacted statute failed to achieve that goal. Modification of law to change judicial result is an integral part of the legislative power to set public policy and is not violative of the separation of powers between the judicial and legislative branch. *See* Pablo T. Spiller & Emerson H. Tiller, *Invitations to Override: Congressional Reversals of Supreme Court Decisions*, 16 INT'L REV. OF LAW & ECONS. 503 (1996).

We must next determine whether the statute permitting the rebuilding preempts the county's right to restrict the repair or construction of wet boathouses damaged by fire. We conclude that the State has preempted the determination as to when such structures may be rebuilt. By the clear and unambiguous language of the statute, the State has determined to permit the rebuilding of wet boathouses under certain specified circumstances. The State having acted, the local ordinance in conflict with the state provision must yield to the public policy determinations made by the

State. *Anchor S&L v. EOC*, 120 Wis. 2d 391, 395–97, 355 N.W.2d 234, 237 (1984).

Pace argued before the trial court that the Oneida County zoning ordinance that precluded his rebuilding of the boathouse was an unconstitutional taking of his property without compensation. Because we have determined that the state statute permits his rebuilding of the boathouse we need not address that contention.

*By the Court.*—Judgment reversed.